### GASTON v. STATE.

(Court of Criminal Appeals of Texas. Dec. 11, 1912.)

CRIMINAL LAW (§ 1090*)—APPEAL—RECORD —NECESSITY OF STATEMENT OF FACTS.

Where there is neither statement of facts nor bills of exceptions accompanying the record, no question is raised on which the Court of Criminal Appeals can pass.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Ocey Gaston was convicted of robbery, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of robbery, and his punishment assessed at five years' confinement in the state penitentiary.

There being neither a statement of facts nor bills of exceptions accompanying the record, there is no question raised we can pass on. The indictment properly charges an offense, and the court in his charge submits this offense to the jury.

The judgment is affirmed.

---

### MORGAN v. STATE.

(Court of Criminal Appeals of Texas. Dec. 11, 1912.)

CRIMINAL LAW (§ 1097*) — RECORD — QUESTIONS REVIEWABLE — REFUSAL OF INSTRUCTIONS.

Where the record on appeal from a conviction of murder in the first degree contains no statement of facts, the refusal to submit a lesser degree in the charge cannot be reviewed on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864, 2926, 2934, 2938, 2939, 2941, 2942, 2947; Dec. Dig. § 1097.*]

Appeal from Criminal District Court, Dallas County; Barry Miller, Judge.

Frank Morgan was convicted of murder in the first degree, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of murder in the first degree, and his punishment assessed at life imprisonment in the penitentiary.

The record is before us without a statement of facts. The appellant in his motion for new trial complains that the court should have submitted the lesser degree of murder than murder in the first degree in his charge. Without a statement of facts we cannot determine whether this should have been done or not; but from the nature of the offense, murder in an attempt to rob, we are inclined to think, if the facts were before us, we would hold that the court properly only submitted murder in the first degree.

There are many other grounds in the motion for new trial; but, in the condition the record is in, nothing is presented for us to review.

The judgment is affirmed.

---

### GERRON v. STATE.

(Court of Criminal Appeals of Texas. Dec. 11, 1912.)

1. CRIMINAL LAW (§ 1090*)—APPEAL—RECORD—SUFFICIENCY.

The sufficiency of the evidence to support a verdict and judgment cannot be reviewed, where the record contains no statement of facts or bills of exception.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

2. CRIMINAL LAW (§ 1090*)—APPEAL—RECORD—SUFFICIENCY.

Rulings on the admission of evidence cannot be reviewed, where the bills of exception thereto are not contained in the record.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from Criminal District Court, Dallas County; Barry Miller, Judge.

Henry Gerron was convicted of burglary, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of burglary; his punishment being assessed at two years' confinement in the penitentiary.

[1, 2] The record is before us without statement of facts or bills of exception. The grounds of the motion for new trial are based on the insufficiency of the evidence to support the verdict and judgment, and two additional grounds allege that the court erred in excluding evidence and in admitting evidence as set out in bills of exception. The bills of exception are not in the record.

The judgment is affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes